IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,759-01 AND


WR-63,759-02



 


EX PARTE CHARLES TALLEY, JR., Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NUMBERS 98-01-0031-CRA-A AND 98-01-0032-CRA-A

 IN THE 81ST DISTRICT COURT ATASCOSA COUNTY 



 



 Per curiam.



O R D E R



 These are applications for writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant was convicted on two charges of burglary of a habitation, each enhanced
by one prior felony conviction. He was sentenced to concurrent terms of twenty-five years
in prison. Notices of appeal were filed, but the appeals were subsequently dismissed on
Applicant's motion in an unpublished opinion. Talley v. State, Nos. 04-98-00682-CR and
04-98-00689-CR (Tex. App.--San Antonio, delivered February 10, 1999).

 In these applications for a writs of habeas corpus, Applicant contends that his trial
counsel provided ineffective assistance when he failed to call a medical expert to testify at
the hearing on the motion to suppress Applicant's confession. Such an expert, Applicant
alleges, could have addressed the fact that Applicant's statements to the investigating officer
were not voluntary due to Applicant's going through heroin withdrawal when the confession
was made. 

 The State has not responded to Applicant's claim and the trial court has not entered
findings of fact and conclusions of law. Further, it is this Court's opinion that additional
information is needed before this Court can render a decision on this ground, including an
affidavit from trial counsel addressing Applicant's ineffective assistance of counsel claim.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
these issues as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal
Procedure, in that it shall order an affidavit from trial counsel addressing Applicant's claim. 
The trial court may also order depositions, interrogatories, or hold a hearing. In the
appropriate case, the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel, see Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986), and
whether Applicant should receive a new trial. The trial court shall also make any further
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. 

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
at 294, these applications for post-conviction wrist of habeas corpus will be held in abeyance
pending the trial court's compliance with this order. Resolution of the issues shall be
accomplished by the trial court within 90 days of the date of this order. (1) A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. (2)




DELIVERED: FEBRUARY 1, 2006

DO NOT PUBLISH
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.